### ROULIN vs. SABATIER & AL. SYNDICS.

APPEAL from the court of the parish and city of New-Orleans.

PORTER, J. delivered the opinion of the court. The husband of the petitioner made,

in his life time, a conveyance to B. Grima, of the house of Sabatier & Grima, by which he sold to him for the sum of $5630, five slaves and a lot of ground situated in one of the suburbs of the city.

The property thus conveyed, remained, however, in the possession of the vendor—no delivery of it was made, and two days after, receiving the bill of sale, the vendee executed under *sous seing prive*, and delivered to him a counter letter; by which he acknowledged and declared, that the deed had been made merely in the view to enable the vendor to pass his property, after his death, to certain persons by him designated: that the price mentioned in the act had not been paid; and the vendee held the lot and slaves for the purposes already mentioned.

The only question in the cause, is, whether the creditors are bound by an act under private signature. They contend they are not; that they had no notice of the counter letter; and that the property claimed by the petitioner, being vested in one of the insolvents by a public and authentic act, it makes a part of the estate surrendered.

The force and effect which should be given

to acts *sous seing prive*, accompanied by pos- Eastern Dist
Feb'ary 1828 session, in opposition to the claims of creditors has been most fully considered by this court in the cases of *Doubrere* vs. *Grillier's syn-* ROULIN
*vs.*
SYNDICS
OF SABATI-
ER & AL. *dics,* and *Martinez* vs. *Layton.* The princi- ples there established govern this case, and we do not think it necessary to go into the question again. The subject is one of considerable difficulty, and has already occupied our atten- tion, and exercised our judgment, as much as any other we have been called on to consider. When the date of acts under private signature, is proved by evidence of facts *dehors* the in- strument; possession accompanies them; and the transaction is *bona fide:* we continue in our former impressions, that the law is best sat- isfied, and justice promoted, by giving to them the same effect against third persons, they would have against the party who executes them. *Vol.* 2, *n. s.* 171, 4, *ibid* 369.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirm- ed with costs.

*Canon & Trabuc* for the plaintiff, *Mazu-reau* for the defendant.